# Exhibit 14

# HOUSE BILL REPORT
# SHB 1171

### As Passed Legislature

**Title:**  An act relating to exempting attorney higher education employees from mandated reporting of child abuse and neglect as it relates to information gained in the course of providing legal representation to a client.

**Brief Description:**  Exempting attorney higher education employees from certain mandated reporting of child abuse and neglect.

**Sponsors:**  House Committee on Early Learning & Human Services (originally sponsored by Representatives Pollet and Goodman).

**Brief History:**
  **Committee Activity:**
    Early Learning & Human Services: 2/5/25, 2/14/25 [DPS].
  **Floor Activity:**
    Passed House: 3/3/25, 95-0.
    Senate Amended.
    Passed Senate: 4/14/25, 39-10.
    House Concurred.
    Passed House: 4/17/25, 95-1.
    Passed Legislature.

---

### Brief Summary of Substitute Bill

- Creates an exception to the mandated reporting of suspected child abuse and neglect requirement for attorneys employed by public or private institutions of higher education and employees under the supervision or direction of those attorneys as it relates to information related to the representation of a client.

---

HOUSE COMMITTEE ON EARLY LEARNING & HUMAN SERVICES

*This analysis was prepared by non-partisan legislative staff for the use of legislative members in their deliberations. This analysis is not part of the legislation nor does it constitute a statement of legislative intent.*

**Majority Report:**  The substitute bill be substituted therefor and the substitute bill do pass.  Signed by 10 members:  Representatives Bergquist, Chair; Cortes, Vice Chair; Burnett, Assistant Ranking Minority Member; Bernbaum, Dent, Goodman, Hill, Ortiz-Self, Penner and Taylor.

**Staff:**  Luke Wickham (786-7146).

**Background:**

*Mandatory Reporting of Child Abuse and Neglect.*
State law identifies certain individuals as having a requirement to report child abuse or neglect if there is reasonable cause to believe that a child has suffered abuse or neglect.  These individuals must report this information to a law enforcement agency or to the Department of Children, Youth, and Families (DCYF).

Mandatory reporters of child abuse and neglect include:
- medical practitioners;
- county coroners;
- medical examiners;
- law enforcement officers;
- professional school personnel;
- registered or licensed nurses;
- social service counselors;
- psychologists;
- pharmacists;
- employees of the DCYF;
- licensed or certified child care providers or their employees;
- employees of the Department of Social and Health Services;
- juvenile probation officers;
- placement and liaison specialists;
- responsible living skills program staff;
- HOPE Center staff;
- the Family and Children's Ombuds or any volunteer in that office;
- host home programs;
- any person in an official supervisory capacity with a profit or nonprofit organization that has reason to believe a person over whom he or she exercises supervisory authority has abused or neglected a child;
- Department of Corrections personnel;
- adults who have reasonable cause to believe that a child who resides with the adult is a victim of severe abuse;
- guardians ad litem and court appointed special advocates; and
- administrative, academic, or athletic department employees of public and private institutions of higher education.

Any mandated reporter who knowingly fails to make a report is guilty of a gross misdemeanor.

*Attorney-Client Confidentiality*.
The Rules of Professional Conduct (RPC), adopted by the Washington Supreme Court, establish the ethical obligations for attorneys. A violation of these RPC may result in disciplinary action, including suspension and disbarment.

The RPC prohibit attorneys from revealing information relating to the representation of a client unless the client gives informed consent or in some other limited circumstances. Some of the other circumstances where an attorney may reveal information relating to the representation of a client include when the lawyer believes it necessary to prevent reasonably certain death or substantial bodily harm, and to prevent the client from committing a crime.

**Summary of Substitute Bill:**

Attorneys employed by public or private institutions of higher education and employees working under the direction or supervision of those attorneys are subject to the mandatory reporting of child abuse and neglect requirement, unless it relates to information related to the representation of a client.

The mandatory reporting requirements may not be interpreted to suspend or supersede otherwise applicable disclosure standards provided by the Rules of Professional Conduct regarding confidentiality of information.

**Appropriation:** None.

**Fiscal Note:** Available.

**Effective Date:** The bill takes effect 90 days after adjournment of the session in which the bill is passed.

**Staff Summary of Public Testimony:**

(In support) There is a shortage of indigent defense attorneys, prosecutors, and civil support attorneys. Our legal clinics play an important role in filling this gap, but there is a conflict between a lawyer's ethical duties to maintain confidentiality with certain information and mandated reporting requirements for individuals in higher education.

There is support for this bill from public defenders and the state bar association because without this clarification, the conflict between the duty to report child abuse and the duty to protect certain information obtained in representing a client is irreconcilable.

This bill would allow legal clinics in Washington to comply with ethics requirements. Right now clinic faculty face the dilemma of complying with ethical obligations or the mandated reporting requirements. Law clinics are screening their cases to avoid these conflicts and not taking cases that they otherwise would. These legal clinics are filling the gaps in our legal profession as well as training those students to fill those shortages. But without this change, the current conflict will eliminate those law clinics.

Each of Washington's three law schools offer a robust menu of clinical opportunities, serving clients such as workers who have experienced wage theft, veterans seeking benefits they have earned, and people seeking assistance with family matters, or long-term health care planning.

The conflict that this bill would fix has forced law clinics to alter their case selection, with the result that indigent clients who could receive free services do not get them, and the students in those clinics do not get the richest possible preparation for practice they otherwise could receive.

The bill that extended the mandated reporting requirements to higher education employees came after the Penn State crisis, and the bill sponsor wrote that she aimed to protect children who came on campus for various activities. This vital safety interest will not be compromised by allowing faculty, who are lawyers, to protect confidential client information relating to matters taking place off campus.

When California and Oregon extended their mandated reporting requirements to university employees, they did so in ways that protected lawyer client relationships, and this state should do so as well.

A reoccurring theme in our state is the need to increase the pipeline of public defenders as we face upcoming standards changes which will significantly decrease caseloads for public defenders. For that reason, the state will need even more law students to consider careers in criminal defense.

Our law school clinics are a valued training ground and must be able to function in compliance with the rules of professional conduct.

Unlike other vital service providers like teachers, doctors, and social workers, attorneys are not mandated reporters. This provides attorneys with an opportunity to create a uniquely safe space for young clients to share their complex family situations without fear of being reported to any authorities or enforcement agencies. This trust allows children and youth to speak freely about their experiences and to assess their legal options. An attorney brings agency and power to a child who so often feels powerless and unheard.

Law students and attorney faculty representing children and families, like all attorneys, must have confidential conversations to be effective and highly skilled advocates.

There is nothing more sacrosanct than attorney-client privilege and confidentiality.

Law clinics cannot function in the way they are designed without confidentiality.

Law clinic faculty are placed in the position of sharing confidential information and facing disbarment or facing jail time for not sharing that information based on current mandated reporting requirements.

(Opposed) None.

**Persons Testifying:**  Representative Gerry Pollet, prime sponsor; Paul Holland, Ronald A. Peterson Law Clinic; Maialisa Vanyo, WSBA Council on Public Defense; Rhea Yo, Legal Counsel for Youth and Children; Ramona Brandes, Washington Defender Association and Washington Association of Criminal Defense Lawyers; and Samuel Martin, The Mockingbird Society.

**Persons Signed In To Testify But Not Testifying:**  None.