The Honorable David G. Estudillo

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| PAUL D. ETIENNE, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT W. FERGUSON, in his official capacity as Governor of Washington, et al.,<br><br>Defendants. | No. 3:25-cv-05461-DGE<br><br>MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* BISHOP ROBERT BARRON IN SUPPORT OF PLAINTIFFS' AND THE UNITED STATES' MOTIONS FOR PRELIMINARY INJUNCTION<br><br>Noting Date: July 25, 2025 |

*Amicus Curiae* Bishop Robert Barron respectfully moves leave to file a brief in support of Plaintiffs' and the United States' motions for preliminary injunction against SB 5375 as applied to the seal of Confession. *See* ECF Nos. 65 and 138. As grounds for this motion, *Amicus* states as follows:

1.      The Most Reverend Robert Barron is the Bishop of the Diocese of Winona-Rochester (Minnesota) and a leading teacher of the Catholic faith in the United States. In 2019, as Auxiliary Bishop of Los Angeles, he analyzed the impact of California's proposed SB 360,

MOTION FOR LEAVE TO FILE BRIEF
OF *AMICUS CURIAE* BISHOP ROBERT
BARRON
No. 3:25-cv-05461 -- Page 1 of 6

LAW OFFICE OF SCHÖEN PARNELL
19705 Scriber Lake Rd. #102
Lynwood, WA 98036
Tel: (206) 619-2521

which would have eliminated the clergy-penitent exception from California's mandatory reporter law. SB 360 died in committee five months after its introduction. Bishop Barron thus has unique insights into how such laws encroach upon the seal of Confession and threaten the First Amendment rights of all religious believers.

2. Bishop Barron is a current member of the United States Religious Liberty Commission established by Executive Order 14291 (May 1, 2025). The Executive Order directs its members to consider, among other things, "the First Amendment rights of pastors, religious leaders, houses of worship, [and] faith-based institutions." EO 14291, Sec. 2(ii). Bishop Barron addressed the impact of SB 5375 on those rights at the Commission's first meeting, on June 16, 2025. Thus, Bishop Barron has a designated interest in ensuring the First Amendment rights of priests and penitents are upheld in courts, and in preventing encroachments on those rights from spreading to other jurisdictions.

3. This court has "broad discretion" to allow the filing of *amicus curiae* briefs, and "[c]ourts often welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved." *Maneman v. Weyerhauser Co.*, No. C24-2050-KKE, 2025 WL 904434, at *1 (W.D. Wash. March 25, 2025). "There are no strict prerequisites to qualify as amici and the Court will allow an amicus brief where, as here, the amicus has unique information that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.*

4. The proposed brief will assist this Court in determining whether SB 5375's application to the seal of Confession violates the First Amendment's requirement of religious *neutrality*. Due to page limits, Plaintiffs' brief in support of their motion for preliminary injunction contains only two paragraphs on religious neutrality. *See* ECF No. 65, Brief at 12-13.

MOTION FOR LEAVE TO FILE BRIEF
OF *AMICUS CURIAE* BISHOP ROBERT
BARRON
No. 3:25-cv-05461 -- Page 2 of 6

LAW OFFICE OF SCHÖEN PARNELL
19705 Scriber Lake Rd. #102
Lynwood, WA 98036
Tel: (206) 619-2521

The United States' brief similarly contains only two paragraphs on the issue. ECF No. 138, Br. at 8-9. The proposed brief thus provides additional information solely on the issue of religious neutrality that will aid the Court in applying this complex area of law to SB 5375.

5. Specifically, the proposed brief presents Bishop Barron's unique insights to the oft-misunderstood theological underpinnings of the seal of Confession. It then provides additional precedent on the rule against burdening religious exercise based on "religious status," which SB 5375's text squarely violates. Finally, it presents more information on the series of events leading up to SB 5375's adoption evincing hostility toward the seal of Confession, along with official legislator and public comments to the same effect. The brief analyzes SB 5375's text and context in light of additional caselaw on religious neutrality, especially *Masterpiece Cakeshop Ltd. v. Colo. Civ. Rts Cmm'n*, 584 U.S. 617 (2018), which neither Plaintiffs nor the United States cite in their opening briefs. *See* ECF Nos. 65, 138.

6. Although Plaintiffs' motion for preliminary injunction was filed on June 5, 2025, this Court has "no particular rules governing when an *amicus curiae* must file its brief in response to a motion of one of the parties." *Skokomish Indian Tribe v. Goldmark*, No. C13-5071JLR, 2013 WL 5720053, at *2 (W.D. Wash. Oct. 21, 2013). This Court has thus allowed the filing of an amicus curiae brief more than 7 days after the principal brief being supported. *See id.*; *see also Wagafe v. Biden*, No. 17-CV-00094, 2022 WL 457983, at *2 (W.D. Wash. 2022) ("There are no local rules governing when a prospective amicus must file its brief.").

7. Here, *Amicus* moves leave to file the proposed brief before Defendants have answered Plaintiffs' Complaint, and more than three weeks before SB 5375 takes effect on July 27, 2025. *Amicus*'s filing is also just over one week after the United States filed its motion for

MOTION FOR LEAVE TO FILE BRIEF
OF *AMICUS CURIAE* BISHOP ROBERT
BARRON
No. 3:25-cv-05461 -- Page 3 of 6

LAW OFFICE OF SCHÖEN PARNELL
19705 Scriber Lake Rd. #102
Lynwood, WA 98036
Tel: (206) 619-2521

preliminary injunction on June 25, 2025, and well before the scheduled hearing on Plaintiffs' motion for preliminary injunction on July 14, 2025.

8. The proposed brief does not directly respond to any arguments submitted in Defendants' responses at ECF Nos. 172, 175, and 176, and thus does not necessitate a reply by Defendants; regardless, the parties can readily address the points made by the proposed brief, which are directed to issues already before the Court, at the July 14 hearing.

9. Further, "the classic role of amicus curiae" is to assist the Court "in a case of general public interest." *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus. Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). This case has garnered *significant* public interest since its filing on May 29, 2025. No fewer than 13 lawyers from four different law firms appear on Plaintiffs' pleadings. The lawsuit's subject—SB 5375—has been featured in national headlines since its adoption on May 5, 2025. *See, e.g.*, Ruth Graham, "New Law Requires Priests to Break Seal of Confession to Report Child Abuse," The New York Times, May 8, 2025; James Lynch, "Trump Administration Investigating Washington Law That Coerces Priests Into Breaking Confessional Seal," National Review, May 6, 2025. And the United States of America has now moved to intervene and has filed its own motion for preliminary injunction against SB 5375. *See* ECF Nos. 122, 138.

10. SB 5375 has also given rise to a separate lawsuit by a large group of Eastern Orthodox dioceses in the U.S. District Court for the Eastern District of Washington, filed on June 16, 2025. *See Orthodox Church in America, et al. v. Ferguson, et al.*, No. 2:25-cv-00209 (E.D. Wash.). As a result, there is now a real risk of an intra-Circuit split on the constitutionality of SB 5375's application to communications made in the sacred confidences of Confession.

MOTION FOR LEAVE TO FILE BRIEF
OF *AMICUS CURIAE* BISHOP ROBERT
BARRON
No. 3:25-cv-05461 -- Page 4 of 6

LAW OFFICE OF SCHÖEN PARNELL
19705 Scriber Lake Rd. #102
Lynwood, WA 98036
Tel: (206) 619-2521

11. Accordingly, the interests of justice, including the public interest, will be served by granting leave to file the proposed amicus brief to more fully inform the Court on whether SB 5375 complies with the First Amendment's guarantee of religious neutrality.

12. Counsel for *Amicus* has conferred with counsel for the State Defendants and the United States, and has attempted to confer with Plaintiffs. The United States does not oppose; the State Defendants oppose "at this stage"; and Plaintiffs have not responded as of the time of this filing.

13. The proposed brief "is helpful," "is not duplicative of Plaintiffs' brief," and analyzes issues that "have potential ramifications beyond the scope of this litigation." *Wagafe*, 2022 WL 457983, at *2.

For all of these reasons, *Amicus* respectfully requests that this Court grant leave to file the proposed *amicus curiae* brief accompanying this motion.

Respectfully submitted,

/s/ Schöen Parnell
Schöen Parnell, WSBA No. 32450
Law Office of Schoen Parnell
19705 Scriber Lake Rd, Suite 102
Lynnwood, WA 98036
Tel: (425) 744-1500
schoen@parnelldefense.com

Peter Breen*
Michael G. McHale*
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
(312) 782-1680
pbreen@thomasmoresociety.org
tbrejcha@thomasmoresociety.org
mmchale@thomasmoresociety.org
*pro hac vice forthcoming

*Attorneys for Amicus Curiae*

Dated: July 4, 2025

MOTION FOR LEAVE TO FILE BRIEF
OF *AMICUS CURIAE* BISHOP ROBERT
BARRON
No. 3:25-cv-05461 -- Page 5 of 6

LAW OFFICE OF SCHÖEN PARNELL
19705 Scriber Lake Rd. #102
Lynwood, WA 98036
Tel: (206) 619-2521

## CERTIFICATE OF SERVICE

I hereby certify that on July 4, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

DATED this 4th day of July, 2025

/s/ Schöen Parnell

Schoen Parnell

MOTION FOR LEAVE TO FILE BRIEF
OF *AMICUS CURIAE* BISHOP ROBERT
BARRON
No. 3:25-cv-05461 -- Page 6 of 6

LAW OFFICE OF SCHÖEN PARNELL
19705 Scriber Lake Rd. #102
Lynwood, WA 98036
Tel: (206) 619-2521