The Honorable David G. Estudillo

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

| | |
|---|---|
| PAUL D. ETIENNE, et al., <br><br>    Plaintiffs, <br><br>v. <br><br>ROBERT W. FERGUSON, et al., <br><br>    Defendants. <br><br>UNITED STATES OF AMERICA, <br><br>    Plaintiff-Intervenor, <br><br>v. <br><br>STATE OF WASHINGTON, <br><br>    Defendant. | NO. 3:25-cv-05461-DGE <br><br> RESPONSE OF DEFENDANTS ROBERT W. FERGUSON AND NICHOLAS W. BROWN TO PLAINTIFF-INTERVENOR UNITED STATES'S MOTION FOR PRELIMINARY INJUNCTION <br><br>NOTE ON MOTION CALENDAR: <br>July 23, 2025 |

RESP. OF DEFS. ROBERT W. FERGUSON & NICHOLAS W. BROWN TO PL.-INTERVENOR'S MOT. FOR PRELIM. INJ. NO. 3:25-cv-05461-DGE

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................ 1

II. BACKGROUND .......................................................................................................... 2

III. ARGUMENT ................................................................................................................ 3

    A. The Court Should Deny the United States's Motion ................................................. 3

        1. The United States does not have standing to seek separate relief, and its request is improper ............................................................................................... 3

        2. The United States has not met the preliminary injunction elements .................. 6

IV. CONCLUSION ............................................................................................................. 7

RESP. OF DEFS. ROBERT W. FERGUSON & NICHOLAS W. BROWN TO PPL.-INTERVENOR'S MOT. FOR PRELIM. INJ. NO. 3:25-cv-05461-DGE

i

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200

## I. INTRODUCTION

On June 5, 2025, Plaintiffs, a group of Catholic clergy, moved to enjoin Washington's mandatory reporting law as it applies to information learned by Catholic clergy through the Sacrament of Confession. Three weeks later, while Plaintiffs' Motion was pending, the United States moved to intervene. Rather than supporting Plaintiffs' Motion, the United States—before the Court ruled on its Intervention Motion—filed its own Motion for Preliminary Injunction. The United States originally clarified the relief it sought as "not exceed[ing]" the Plaintiffs' request. Dkt. #122 at 4. But at oral argument on Plaintiffs' Motion, counsel for the United States made the opposite claim, stating that its Motion in fact seeks relief extending to "Eastern Catholic" in addition to "Roman Catholic" clergy.

The Court should deny the United States's Motion. First, to the extent it seeks the same relief as Plaintiffs' Motion, it is redundant. If the Court denies Plaintiffs' Motion, then the United States's Motion fails for the same reasons. And if the Court grants Plaintiffs' Motion, that will render the United States's requested relief moot. Second, to the extent the United States now purports to seek broader relief, it does not have standing to do so. The law is clear that intervenors must have Article III standing to seek separate relief from that sought by the existing plaintiffs in a case. Although 42 U.S.C. § 2000h-2 does confer a right to intervention, it does not confer standing on the United States to bring any freestanding equal protection claim. Congress has not authorized the United States to bring a lawsuit to vindicate the rights of Eastern Catholic churches under the Equal Protection Clause. Moreover, the United States's requested relief is not consistent with the Supreme Court's decision in *Trump v. CASA*, which made clear that an injunction may only order such relief as necessary to give complete relief to the actual parties. The United States has made no coherent argument as to why a broader injunction as to "Eastern Catholic" churches is necessary to grant complete relief to Plaintiffs here. In any event, if the Court does rule as a preliminary matter that the mandatory reporting law may be unconstitutional as applied to these Plaintiffs, the State will not seek to enforce the law as it applies to confession

RESP. OF DEFS. ROBERT W.
FERGUSON & NICHOLAS W.
BROWN TO PL.- INTERVENOR'S MOT.
FOR PRELIM. INJ.
NO. 3:25-cv-05461-DGE

1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200

or sacred confidences shared with any clergy while that order remains in force. The United States's Motion seeking separate relief is duplicative and improper, and should be denied.

## II.  BACKGROUND

State Defendants' Response to Plaintiffs' Motion provides background on the recent bill amending the mandatory reporting law (SB 5375), the concerns leading to its passage, and the status of clergy as mandated reporters in many states, including several states in which mandatory reporting overrides the clergy-penitent privilege. Dkt. #175 at 5-10. To limit redundancy, State Defendants refer the Court to that background.

As to the procedural history relevant here: On June 5, 2025, two months before SB 5375 was set to take effect, Plaintiffs—Catholic clergy in Washington—filed suit seeking to declare RCW § 26.44.030, as amended by SB 5375, unconstitutional. Dkt. #1. They then filed a Motion for Preliminary Injunction, seeking to enjoin enforcement of the statute to the extent it applies to "information learned by Catholic clergy through the Sacrament of Confession." Dkt. #65 at 30.

The United States moved to intervene on June 23, 2025, which State Defendants did not oppose, and which the Court granted. Dkt. ##122, 201, 219. Before the Court had the opportunity to rule on intervention, on June 25, 2025, the United States filed a separate Motion for Preliminary Injunction seeking relief characterized in the same way as Plaintiffs' requested relief, namely seeking to enjoin enforcement of the statute to the extent it applies to "Catholic priests concerning information they learn through Confession." Dkt. #138 at 2. Indeed, in its Motion to Intervene, the United States stated that its "proposed complaint in intervention seeks equitable relief that *does not exceed* the private plaintiffs' prayer for relief." Dkt. #122 at 4 (emphasis added).

At the July 14, 2025, hearing on Plaintiffs' Preliminary Injunction Motion, counsel for the United States stated that the United States's Motion *did* seek broader relief than Plaintiffs' Motion because the United States's requested relief would cover all Catholic clergy, including

RESP. OF DEFS. ROBERT W.
FERGUSON & NICHOLAS W.
BROWN TO PL.- INTERVENOR'S MOT.
FOR PRELIM. INJ.
NO. 3:25-cv-05461-DGE

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200

Eastern Catholic clergy, not just Roman Catholic clergy.

### III.    ARGUMENT

**A.    The Court Should Deny the United States's Motion**

    **1.    The United States does not have standing to seek separate relief, and its request is improper**

The Court should deny the United States's Motion for Preliminary Injunction. As an initial matter, the United States has shifted positions as to the scope of relief it seeks. In its Intervention Motion, the United States asserted that it sought the same relief as that sought by the existing Plaintiffs. Dkt. #122 at 4. And the United States's Preliminary Injunction Motion couched its request for relief in near-identical language to Plaintiffs' request. *Compare* Dkt. #138 at 2 *with* Dkt. #65 at 30. At oral argument, however, counsel for the United States stressed that its Motion seeks broader relief than Plaintiffs: namely, to enjoin enforcement of the law as to all Catholic churches, not just the Roman Catholic church.

If the United States seeks identical relief to Plaintiffs, its separate Motion is entirely duplicative. Plaintiffs' Motion has been fully briefed and argued, and the Court's ruling is expected shortly. If the Court denies Plaintiffs' Motion, then the United States's Motion fails for the same reasons. And if this Court grants Plaintiffs' requested relief, this would render the United States's requested relief moot. This case is thus entirely unlike *Pasadena City Bd. of Ed. v. Spangler*, 427 U.S. 424, 430-31 (1976), in which the original plaintiffs graduated from the defendant school district while the case was pending and thus the case would "clearly be moot" *without* the United States's continued participation; the Court determined that 42 U.S.C. § 2000h-2 permitted the United States to continue as the main plaintiff "despite the disappearance of the original plaintiffs . . . so long as . . . the presence of the United States as a party ensures that this case is not moot." *Id.* This case presents essentially the opposite situation: while the United States has the right to intervene, its independent Motion for Preliminary Injunction, as originally presented, is superfluous and unnecessary to guarantee the Plaintiffs complete relief.

RESP. OF DEFS. ROBERT W.
FERGUSON & NICHOLAS W.
BROWN TO PL.- INTERVENOR'S MOT.
FOR PRELIM. INJ.
NO. 3:25-cv-05461-DGE

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200

At oral argument, the United States represented that it in fact seeks *broader* relief than Plaintiffs. However, the United States lacks standing to seek such relief. As the United States has acknowledged, where an intervenor seeks to pursue different relief from the existing plaintiffs, it must show Article III standing to pursue that relief. Dkt. #122 at 6 (citing *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 439-40 (2017)). The United States has not shown that it has standing to pursue an Equal Protection claim on behalf of Eastern Catholics. Section 2000h-2 does not separately confer standing for the United States to pursue freestanding claims under the Equal Protection Clause. Instead, the statute confers a right to *intervention* (which the State did not oppose). This is not the same as conferring standing.

The statute says that the United States "shall be entitled to the same relief as if it had instituted the action." 42 U.S.C. § 2000h-2. Thus, the relevant question is whether the United States would have standing to obtain relief for all Catholic churches in an action it instituted. The answer is no, because the United States does not have independent standing to bring a freestanding equal protection challenge against a Washington law. All plaintiffs, including the United States, must satisfy the constitutional requirements of standing. *United States v. Mattson*, 600 F.2d 1295, 1300 (9th Cir. 1979). Case law suggests that the United States may not file constitutional claims on behalf of its citizens without statutory authorization. *See United States v. City of Philadelphia*, 644 F.2d 187, 195-97 (3d Cir. 1980). The United States does not cite any statutory basis to sue the State of Washington under the Equal Protection Clause in this case. This case is therefore unlike *Spangler v. United States*, 415 F.2d 1242, 1244 (9th Cir. 1969), in which the court noted that the United States would have had separate statutory authority under 42 U.S.C. § 2000c-6 to sue a school board or public college based on complaints of discrimination or segregation. *See also Pasadena City Bd. of Ed.*, 427 U.S. 424 (similarly involving desegregation claim against school board).

Here, by contrast, the United States has pointed to no statutory authority permitting the Attorney General to file suit based on claimed Equal Protection violations arising from what is

RESP. OF DEFS. ROBERT W.
FERGUSON & NICHOLAS W.
BROWN TO PL.- INTERVENOR'S MOT.
FOR PRELIM. INJ.
NO. 3:25-cv-05461-DGE

4

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200

1  essentially a Free Exercise claim. The United States acknowledges that it "does not directly

2  enforce the Bill of Rights." Dkt. #122 at 7. It points to 42 U.S.C. § 2000cc-2(f), but that only

3  permits the Attorney General to bring an action to enforce compliance with that chapter, which

4  concerns only land use regulations and institutionalized persons. 42 U.S.C. §§ 2000cc, 2000cc-

5  1. This case does not fall under that chapter.

6      Nor has the United States alleged any injury-in-fact from Washington's sovereign

7  legislative process or the operation of a state law requiring more people to report child abuse and

8  neglect. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The United States

9  claimed its interest justifying intervention "need not rise to the level required for Article III

10 standing, provided" it sought the same relief as the existing Plaintiffs. Dkt. #122 at 6. But, as

11 noted above, the United States has now clarified that it *does not* seek the same relief as the

12 existing Plaintiffs, and therefore it *does* need to show Article III standing. The United States

13 cites cases holding that it can sue under the Commerce Clause with respect to obstructions to

14 interstate commerce that also violate the Equal Protection Clause. *See, e.g.*, *United States v. City

15 of Jackson*, 318 F.2d 1, 14-17 (5th Cir. 1963) (citing *In re Debs*, 158 U.S. 564, 584-86 (1895)).

16 However, these cases did not go so far as recognizing "Government standing to sue under the

17 Fourteenth Amendment or under any clause of the Constitution" absent the interstate commerce

18 hook. *Id.* at 14. The United States has not cited any statute or case demonstrating that it has

19 standing to seek injunctive relief on behalf of religious practitioners based on a claimed Equal

20 Protection/Free Exercise violation arising from a state law.

21     Moreover, the relief the United States seeks is inappropriate under *Trump v. CASA*. The

22 United States now states that it seeks relief that would apply to Catholic churches separate from

23 those the Plaintiff priests belong to. In *CASA*, the Supreme Court made clear that federal courts

24 may issue injunctions only to enjoin enforcement of a challenged law as to "each plaintiff with

25 standing to sue," not to wide ranging classes of persons in the absence of a class action. *Trump

26 v. CASA*, 606 U.S. __, 2025 WL 1773631, at *4, 15 (June 27, 2025). The United States has made

RESP. OF DEFS. ROBERT W. FERGUSON & NICHOLAS W. BROWN TO PL.- INTERVENOR'S MOT. FOR PRELIM. INJ. NO. 3:25-cv-05461-DGE

5

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200

no showing as to why this relief is necessary to provide complete relief for the existing Plaintiffs or for the United States. Insofar as the United States suggested at oral argument that its intervention makes a broad-based injunction appropriate in any equal protection case—without a separate statutory cause of action or showing of standing—that would constitute an end-run around the Court's reasoning in *CASA*.

In any event, State Defendants will comply with any order this Court issues, and if the Court grants a preliminary injunction as to the existing Plaintiffs, the State will not seek to enforce the enjoined aspects of the law against similarly situated clergy members.

### 2. The United States has not met the preliminary injunction elements

As discussed above, if the Court denies Plaintiffs' Motion, the United States's Motion fails for the same reasons, and even if the Court grants Plaintiffs' Motion, the United States's Motion should be denied either as moot or because the United States does not have standing to seek separate relief from the existing Plaintiffs. It is thus clear that the United States has not satisfied the preliminary injunction factors. "A preliminary injunction is an 'extraordinary and drastic remedy,' . . . it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citation modified). Plaintiffs must make a "clear showing" that (1) they are likely to succeed on the merits; (2) they would likely suffer irreparable harm absent an injunction; (3) the equities tip in their favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20-22 (2008).

As to likelihood of success on the merits, because mootness rises and falls on the relief requested, the fact that the United States raises an Equal Protection claim in its Motion does not change the analysis. Its first Equal Protection argument is in substance a Free Exercise challenge. Dkt #138 at 7-9 (arguing that SB 5375 "infringes on the free exercise of religion"). And its second Equal Protection argument is a claim of discrimination based on religion, which is reviewed under the same standards as a Free Exercise claim. *See Locke v. Davey*, 540 U.S. 712, 720 n.3 (2004). These arguments are premised, like Plaintiffs', on the misunderstanding that

RESP. OF DEFS. ROBERT W.
FERGUSON & NICHOLAS W.
BROWN TO PL.- INTERVENOR'S MOT.
FOR PRELIM. INJ.
NO. 3:25-cv-05461-DGE

6

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200

Washington's mandatory reporting law yields to other privileges but not to the clergy-penitent privilege. They should be rejected on the merits for the same reasons given in State Defendants' response to Plaintiffs' Free Exercise claim (Dkt. #175 at 14-23). And if the Court disagrees, the United States's claim becomes moot.

The United States also has not shown it will suffer irreparable harm absent an injunction. A plaintiff seeking a preliminary injunction must establish "that *he* is likely to suffer irreparable harm in the absence of preliminary relief." *Winter*, 555 U.S. at 20 (emphasis added). The United States argues irreparable harm based solely on "potential injuries to priests" and "parishioners" (Dkt. #138 at 13-14), but it does not show any harm to the United States specifically that would support its separate Motion for preliminary injunctive relief. In addition, for the reasons given in State Defendants' Response to Plaintiffs' Motion, the United States has not shown that irreparable injury is likely to occur to priests in the absence of an injunction. *See* Dkt. #175 at 23-24.

The final two *Winter* factors merge when a government official is a defendant. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). "Any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (citation modified). Yet the United States seeks to enjoin SB 5375 before it has been enforced—despite not showing a likelihood of actual harm, let alone harms in states with similar statutory schemes. Moreover, it does so despite not having demonstrated standing and while seeking broad-based relief clashing with recent Supreme Court precedent. The equities and public interest weigh against granting the United States's Motion to enjoin this democratically-enacted tool in the fight against child abuse.

## IV.   CONCLUSION

The United States's Motion for Preliminary Injunction should be denied.

RESP. OF DEFS. ROBERT W. FERGUSON & NICHOLAS W. BROWN TO PL.- INTERVENOR'S MOT. FOR PRELIM. INJ. NO. 3:25-cv-05461-DGE

7

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200

DATED this 16th day of July 2025.

The signing attorneys certify that this memorandum contains 2,545 words, in compliance with the Local Civil Rules.

NICHOLAS W. BROWN
Attorney General

*/s/ Alicia O. Young*
ALICIA O. YOUNG, WSBA #35553
KELLY A. PARADIS, WSBA #47175
EMMA GRUNBERG, WSBA #54659
Deputy Solicitors General
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200
Alicia.Young@atg.wa.gov
Kelly.Paradis@atg.wa.gov
Emma.Grunberg@atg.wa.gov
*Attorneys for Defendant Robert W. Ferguson and Nicholas W. Brown*

RESP. OF DEFS. ROBERT W. FERGUSON & NICHOLAS W. BROWN TO PL.- INTERVENOR'S MOT. FOR PRELIM. INJ.
NO. 3:25-cv-05461-DGE

8

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200