The Honorable David G. Estudillo

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| PAUL D. ETIENNE, et al., | NO. 3:25-cv-05461-DGE |
| Plaintiffs, | STATE DEFENDANTS' ANSWER TO UNITED STATES OF AMERICA'S COMPLAINT IN INTERVENTION |
| v. | |
| ROBERT W. FERGUSON, et al., | |
| Defendants. | |
| UNITED STATES OF AMERICA, | |
| Plaintiff-Intervenor, | |
| v. | |
| STATE OF WASHINGTON, | |
| Defendant. | |

Defendants Robert W. Ferguson, in his official capacity as Governor of the State of Washington, and Nicholas W. Brown, in his official capacity as Attorney General of the State of Washington (State Defendants), by and through their attorneys Alicia O. Young, Kelly A. Paradis, and Emma Grunberg, Deputy Solicitors General, hereby answer the United States's Complaint in Intervention. The Complaint in Intervention purports to name the State of

STATE DEFENDANTS' ANSWER TO
UNITED STATES'S COMPLAINT IN
INTERVENTION
NO. 3:25-cv-05461-DGE

1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200

1  Washington, which is not a party to this case, as the sole defendant, but a Summons has not
2  been issued as to the State of Washington and the State has not been served with a Summons
3  and Complaint. State Defendants therefore answer the Complaint in Intervention on behalf of
4  existing State Defendants Ferguson and Brown. Except as herein expressly admitted or
5  qualified, State Defendants deny each and every allegation, statement, or charge contained in
6  the Complaint, and deny that the United States is entitled to any of the relief requested.

State Defendants respond to the numbered allegations in the Complaint as follows:

## I.   PRELIMINARY STATMENT

1. This paragraph is the United States's characterization of the relief it seeks and its legal arguments to which no response is required. State Defendants admit that SB 5375 was signed by Governor Ferguson on or about May 2, 2025, and that it took effect (subject to the preliminary injunctions entered in this case and in *OCA, et al. v. Ferguson, et al.*) on or about July 27, 2025. To the extent a response is required, the remaining allegations are denied.

2. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. SB 5375 and other laws referenced speak for themselves. The United States's interpretation of SB 5375 reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

6. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, fourth, and fifth sentences of Paragraph 6. The remainder of Paragraph 6 reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

STATE DEFENDANTS' ANSWER TO
UNITED STATES'S COMPLAINT IN
INTERVENTION
NO. 3:25-cv-05461-DGE

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200

7. SB 5375 speaks for itself. The United States's interpretation of SB 5375 and other laws reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

8. State Defendants affirmatively assert that SHB 1171 was signed by the Governor on April 30, 2025. As to the remainder of the allegations in Paragraph 8, SHB 1171 speaks for itself. The United States's interpretation of SHB 1171 reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

9. The first sentence of Paragraph 9 is the United States's characterization of the relief it seeks and its legal arguments to which no response is required. To the extent a response is required, it is denied. In response to the second, third, and fourth sentences of Paragraph 9, State Defendants answer that the legislative history of SB 5375 speaks for itself and denies any attempt by the United States to recharacterize it. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 9.

10. The first, fourth, and fifth sentences of Paragraph 10 reflect legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 10.

11. Paragraph 11 reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

12. Paragraph 12 reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

13. This paragraph is the United States's characterization of the relief it seeks and its legal arguments to which no response is required. To the extent a response is required, it is denied.

STATE DEFENDANTS' ANSWER TO UNITED STATES'S COMPLAINT IN INTERVENTION
NO. 3:25-cv-05461-DGE

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200

## II. JURISDICTION AND VENUE

14. State Defendants admit that this lawsuit raises a federal question and that 28 U.S.C. § 1345 applies.

15. This paragraph is the United States's characterization of the relief it seeks and its legal arguments to which no response is required. To the extent a response is required, State Defendants affirmatively asserts that they did not oppose the United States's Motion to Intervene and the Court granted that Motion.

16. State Defendants admit that the Complaint in Intervention purports to assert a claim over which this Court has venue.

17. This paragraph is the United States's characterization of the relief it seeks and its legal arguments to which no response is required. To the extent a response is required, it is denied.

## III. PARTIES

18. Admitted.

19. State Defendants admit that the United States's Complaint in Intervention purports to name the State of Washington as a new defendant. The remainder of Paragraph 19 reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

## IV. FACTUAL BACKGROUND

**A.  The Catholic Sacrament of Penance and Reconciliation**

20. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

STATE DEFENDANTS' ANSWER TO UNITED STATES'S COMPLAINT IN INTERVENTION
NO. 3:25-cv-05461-DGE

4

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200

23. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

**B.    Washington State Senate Bill 5375**

28. SB 5375 and RCW 26.44.030 speak for themselves. The United States's interpretation of these laws reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

29. SB 5375, RCW 26.44.030, RCW 26.44.080, and RCW 9.92.020 speak for themselves. The United States's interpretation of these laws reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

30. RCW 5.60.060 and RCW 26.44.030 speak for themselves. The United States's interpretation of these laws reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

31. State Defendants admit that Senator Noel Frame was the sponsor of SB 5375 and that Paragraph 31 accurately quotes from Senator Frame's statement following the Senate's passage of SB 5375. The remainder of Paragraph 31 reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

STATE DEFENDANTS' ANSWER TO UNITED STATES'S COMPLAINT IN INTERVENTION
NO. 3:25-cv-05461-DGE

5

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200

32. Senate Amendment 71 to SB 5375 speaks for itself. The United States's interpretation of this amendment reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

33. Senate Amendment 71 to SB 5375, SHB 1171, and RCW 26.44.030 speak for themselves. The United States's interpretation of these laws reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

34. State Defendants admit that SHB 1171 was passed by the Legislature, and that Senate Amendment 71 to SB 5375 was not adopted. The remainder of Paragraph 34 reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

35. SB 5375 speaks for itself. The United States's interpretation of SB 5375 reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

36. SB 5375 speaks for itself. The United States's interpretation of SB 5375 reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

37. SB 5375 speaks for itself. The United States's interpretation of SB 5375 reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

38. SB 5375 and RCW 26.44.020 speak for themselves. The United States's interpretation of SB 5375 reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

STATE DEFENDANTS' ANSWER TO UNITED STATES'S COMPLAINT IN INTERVENTION
NO. 3:25-cv-05461-DGE

6

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200

## V.   CAUSE OF ACTION

**A.   Violation of the Equal Protection Clause of the U.S. Constitution, Amendment XIV**

39. State Defendants incorporate by reference their responses to Paragraphs 1 through 38.

40. State Defendants admit that Paragraph 40 accurately excerpts section 1 of the Fourteenth Amendment to the United States Constitution.

41. This paragraph reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

42. This paragraph reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

43. This paragraph reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

44. This paragraph reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

45. This paragraph reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

46. This paragraph reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

47. This paragraph reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

48. This paragraph reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

49. This paragraph reflects legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

STATE DEFENDANTS' ANSWER TO UNITED STATES'S COMPLAINT IN INTERVENTION
NO. 3:25-cv-05461-DGE

7

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200

## VI. PRAYER FOR RELIEF

Part VI of the Complaint in Intervention asserts the United States's requests for relief, to which no response is required. To the extent a response is required, State Defendants deny that the United States is entitled to the relief requested.

## VII. GENERAL DENIAL

State Defendants deny any allegations contained in the Complaint in Intervention that are not expressly admitted in this Answer.

## VIII. AFFIRMATIVE DEFENSES

State Defendants' affirmative defenses to the Complaint in Intervention are set forth below. By setting forth the following defenses, State Defendants do not assume the burden of proof on the matter and issue other than those on which they have the burden of proof as a matter of law.

1. Plaintiff-Intervenor lacks standing to sue and to obtain the relief requested;
2. Plaintiff-Intervenor's claims are unripe;
3. A Summons has not issued with respect to the State of Washington;
4. The State has not been served with a Summons or Complaint; and
5. Plaintiff-Intervenor has failed to state a claim upon which relief may be granted.

State Defendants reserve the right to supplement these defenses and assert additional defenses and affirmative defenses as established by the facts of the case.

## IX. NO WAIVER

State Defendants by their responses and omissions herein waive no burden of proof, presumptions, nor any other legal characterizations to which it may otherwise be entitled, and expressly reserves the right to assert such.

## X. STATE DEFENDANTS' REQUEST FOR RELIEF

WHEREFORE, State Defendants pray that the Court:

STATE DEFENDANTS' ANSWER TO UNITED STATES'S COMPLAINT IN INTERVENTION
NO. 3:25-cv-05461-DGE

8

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200

1. Dismiss the United States's Complaint in Intervention with prejudice;

2. Deny all relief that Plaintiff-Intervenor United States requests; and

3. Grant State Defendants such other and further relief as the Court may deem just and proper.

DATED this 5th day of August 2025.

        NICHOLAS W. BROWN
        Attorney General

        */s/ Emma Grunberg*
        ALICIA O. YOUNG, WSBA #35553
        KELLY A. PARADIS, WSBA #47175
        EMMA GRUNBERG, WSBA #54659
        Deputy Solicitors General
        1125 Washington Street SE
        PO Box 40100
        Olympia, WA 98504-0100
        360-753-6200
        Alicia.Young@atg.wa.gov
        Kelly.Paradis@atg.wa.gov
        Emma.Grunberg@atg.wa.gov
        *Attorneys for Defendants Robert W. Ferguson and Nicholas W. Brown*

STATE DEFENDANTS' ANSWER TO UNITED STATES'S COMPLAINT IN INTERVENTION
NO. 3:25-cv-05461-DGE

9

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200