The Honorable Chief Judge David G. Estudillo

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| ORTHODOX CHURCH IN AMERICA, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>ROBERT W. FERGUSON, et al.,<br><br>　　　　　　　Defendants. | NO. 2:25-cv-01537-DGE |
| PAUL D. ETIENNE, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>　ROBERT W. FERGUSON, et al.,<br><br>　　　　　　　Defendants. | NO. 3:25-cv-05461-DGE<br><br>***ETIENNE* PLAINTIFFS' RESPONSE TO *ORTHODOX CHURCH* PLAINTIFFS' MOTION TO CONSOLIDATE AND EXPEDITE CONSIDERATION OF MOTION TO CONSOLIDATE** |

RESPONSE TO MOTION TO CONSOLIDATE
AND EXPEDITE
No. 2:25-cv-01537-DGE
No. 3:25-cv-05461-DGE

- i -

CROWLEY LAW OFFICES, P.S.
600 University Street, Suite 1708 • Seattle, WA 98101
(206) 209-0456
www.crowleylawoffices.com

Plaintiffs in *Etienne v. Ferguson*, No. 3:25-cv-05461-DGE ("*Etienne* Action," and, the "*Etienne* Plaintiffs") respectfully submit this response to the Motion to Consolidate and Expedite Consideration of Motion to Consolidate ("Motion") filed by Plaintiffs in *Orthodox Church in America v. Ferguson*, No. 2:25-cv-01537-DGE ("*Orthodox Church* Action," and, the "*Orthodox Church* Plaintiffs"). ECF No. 185. As set forth below, the *Orthodox Church* Plaintiffs' procedurally improper Motion should be stricken because it does not comply with the Local Rules, and, in any event, should be denied because nothing about an appeal taken from the *Etienne* Action warrants consolidation. If the *Orthodox Church* Plaintiffs believe consolidation is warranted in the absence of any appeal, the *Orthodox Church* Plaintiffs should re-file and re-note any motion to consolidate in accordance with the Local Rules, and the Court should wait to rule on any such motion until after the *Etienne* Plaintiffs have an opportunity to respond on the schedule set by Local Civil Rule 7(d)(3).

## I.      The Motion Should Be Stricken Because It Violates The Local Rules

The *Orthodox Church* Plaintiffs' Motion is a procedurally improper attempt to obtain their requested relief without affording the *Etienne* Plaintiffs adequate time to oppose. Plaintiffs noted their Motion for August 14, 2025, the same day they filed their Motion. Plaintiffs' Motion, however, is not one of the motions specifically enumerated in Local Civil Rule 7(d)(1) as a motion that may be noted for the same day that it is filed. That is not surprising—the motions specifically enumerated in Local Civil Rule 7(d)(1) are stipulated, joint, or unopposed motions, or other motions heard without affording a right to oppose. And, as the *Orthodox Church* Plaintiffs acknowledge, their Motion is opposed. ECF No. 185 at 2 ("[T]he Etienne Catholic bishop and priest plaintiffs oppose consolidation."). Accordingly, the Motion should be stricken, re-filed, and re-noted in accordance with the Local Rules.

RESPONSE TO MOTION TO CONSOLIDATE AND EXPEDITE
No. 2:25-cv-01537-DGE
No. 3:25-cv-05461-DGE

- 1 -

CROWLEY LAW OFFICES, P.S.
600 University Street, Suite 1708 • Seattle, WA 98101
(206) 209-0456
www.crowleylawoffices.com

## II. The Motion Should Be Denied Because A Potential Appeal Does Not Warrant Expedited Consolidation

The *Orthodox Church* Plaintiffs seek expedited consolidation, without full briefing, because the *Etienne* PI Order **might** be appealed and the appeal of the *Etienne* PI Order **might** implicate the *Orthodox Church* Plaintiffs' interests. Specifically, the *Orthodox Church* Plaintiffs argue that the deadline to appeal the preliminary injunction entered by this Court in the *Etienne* Action ("*Etienne* PI Order") is August 18, 2025, and, because any appeal of the *Etienne* PI Order "would likely affect [the *Orthodox Church*] Plaintiffs' rights," consolidation before August 18, 2025 would "allow [the *Orthodox Church*] Plaintiffs to defend their rights on appeal" and "streamline any appeal of the [*Etienne* PI Order]." Mot. 4-5. This argument is meritless.

*First*, consolidation is not necessary for the *Orthodox Church* Plaintiffs to protect on appeal what they perceive as their rights needing protection—a fact the *Orthodox Church* Plaintiffs implicitly acknowledged by choosing to file their own action and move for preliminary relief in a different judicial district. Should there be an appeal of the *Etienne* PI Order, the *Orthodox Church* Plaintiffs have every right to seek leave to file an *amicus* brief explaining in detail their interest in ensuring that the *Etienne* PI Order be upheld. *See* Fed. R. App. P. 29. And, if the *Orthodox Church* Plaintiffs believe an *amicus* brief is insufficient, they can seek leave to intervene in any appeal and explain why their interests may be affected by the outcome of the appeal and how those interests are not adequately represented by the *Etienne* Plaintiffs and their counsel. *See E. Bay Sanctuary Covenant v. Biden*, 102 F.4th 996, 1000–01 (9th Cir. 2024) (articulating standard for intervention on appeal). But the *Orthodox Church* Plaintiffs have no right to expedited consolidation in the district court in order to piggyback on an appeal of relief obtained by different plaintiffs.

*Second,* the *Orthodox Church* Plaintiffs' rights will not be affected by any appeal of the *Etienne* PI Order. As the *Orthodox Church* Plaintiffs acknowledge, they filed their own action in the Eastern District of Washington on June 16, 2025—two weeks after the *Etienne* Plaintiffs brought suit in this Court on May 29, 2025—and obtained a stipulated preliminary injunction. That stipulated preliminary injunction is **not** contingent on the validity of the *Etienne* PI Order,

RESPONSE TO MOTION TO CONSOLIDATE AND EXPEDITE
No. 2:25-cv-01537-DGE
No. 3:25-cv-05461-DGE
- 2 -
CROWLEY LAW OFFICES, P.S.
600 University Street, Suite 1708 • Seattle, WA 98101
(206) 209-0456
www.crowleylawoffices.com

*see* ECF No. 176, and, in any event, is itself **not** appealable. Whatever the outcome of any appeal of the *Etienne* PI Order, it has no bearing on the *Orthodox Church* Plaintiffs' preliminary injunction. Moreover, because any appeal would consider only the *Etienne* PI Order, any decision issued by the Ninth Circuit will resolve only the propriety of preliminary relief in that case. The *Orthodox Church* Plaintiffs will have every opportunity to continue to advance their claim for permanent relief on the merits in their case. For these reasons, and despite the asserted exigency, it is not surprising that the *Orthodox Church* Plaintiffs nowhere explain *how* their rights will be affected by any appeal of the *Etienne* PI Order—they merely assert, without explanation, that any appeal of the *Etienne* PI Order "would **likely** affect Plaintiffs' rights." Mot. 5 (emphasis added).

*Third*, consolidation would only complicate—not streamline—any appeal of the *Etienne* PI Order. Rather than consider only the merits of the *Etienne* PI Order on the record in the *Etienne* Action, the *Orthodox Church* Plaintiffs would presumably ask the Ninth Circuit to consider a number of extraneous issues that would otherwise not be before that court. Indeed, to the extent the *Orthodox Church* Plaintiffs believe they need to defend their rights on appeal, they presumably intend to make arguments not advanced by the *Etienne* Plaintiffs, introduce facts specific to their religious beliefs that were not considered by the Court in granting the *Etienne* PI Order, or assert that RCW § 26.44.030, as amended by SB 5375, is unconstitutional for reasons not advanced by the *Etienne* Plaintiffs. Adding to what it is the Ninth Circuit must consider—including deciding whether it even *can* consider such matters—hardly streamlines any appeal of the *Etienne* PI Order.

*Finally*, the *Orthodox Church* Plaintiffs' delay in seeking consolidation belies their assertion that consolidation is necessary to protect their interests and streamline litigation. The *Orthodox Church* Plaintiffs have long been on notice of the *Etienne* Action and the *Etienne* PI Order yet waited until just **four days** before the deadline to appeal the *Etienne* PI Order to insert themselves in the *Etienne* Action with an improper motion to expedite. The *Orthodox Church* Plaintiffs filed the *Orthodox Church* Action in a different judicial district two weeks after the *Etienne* Action was filed on May 29, 2025; there is no reason why, **months ago**, they could not

RESPONSE TO MOTION TO CONSOLIDATE AND EXPEDITE
No. 2:25-cv-01537-DGE
No. 3:25-cv-05461-DGE

- 3 -

CROWLEY LAW OFFICES, P.S.
600 University Street, Suite 1708 • Seattle, WA 98101
(206) 209-0456
www.crowleylawoffices.com

1  have filed in the Western District of Washington and moved to consolidate their action with the
2  *Etienne* Action or, like the United States, moved to intervene in the *Etienne* Action. The *Orthodox*
3  *Church* Plaintiffs' stipulated preliminary injunction was also entered on July 24, 2025, *see* ECF
4  No. 176, **three weeks** before they filed their Motion to Consolidate and Expedite Consideration of
5  Motion to Consolidate; there is no reason why they could not have transferred the *Orthodox*
6  *Church* Action and moved to consolidate and expedite immediately after entry of their stipulated
7  preliminary injunction. And the *Orthodox Church* Plaintiffs have known since at least August 7,
8  2025 that the *Etienne* Plaintiffs opposed consolidation. There is no reason why the *Orthodox*
9  *Church* Plaintiffs could not have afforded the *Etienne* Plaintiffs more than four days to respond to,
10 and for the Court to consider, a motion to consolidate.

11  Put simply, whatever the *Orthodox Church* Plaintiffs' motivation for moving to consolidate
12 with the *Etienne* Action a case they subsequently and voluntarily filed in a different judicial
13 district, expedited consolidation is not warranted.

14                               *   *   *

15  For the foregoing reasons, the *Etienne* Plaintiffs respectfully request that the *Orthodox*
16 *Church* Plaintiffs' improper Motion be stricken or denied. If the *Orthodox Church* Plaintiffs
17 believe consolidation is warranted in the absence of any appeal, they should be ordered to re-file
18 and re-note their Motion to Consolidate in accordance with Local Civil Rule 7(d)(3).

| | | |
|---|---|---|
| 1 | Dated: August 18, 2025 | Respectfully submitted, |
| 2 | | |
| 3 | | /s/ Siddharth Velamoor |
| 4 | | William J. Crowley |
| 5 | | CROWLEY LAW OFFICES, P.S. |
| | | 600 University Street |
| 6 | | Suite 1708 |
| 7 | | Seattle, WA 98101 |
| | | Tel: (206) 224-7069 |
| 8 | | will@crowleylawoffices.com |
| 9 | | Siddharth Velamoor |
| | | Matthew T. Martens* |
| 10 | | Donna Farag* |
| 11 | | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 12 | | 2100 Pennsylvania Avenue, NW |
| | | Washington, DC 20037 |
| 13 | | Tel: (202) 663-6000 |
| 14 | | Fax: (202) 663-6363 |
| | | matthew.martens@wilmerhale.com |
| 15 | | siddharth.velamoor@wilmerhale.com |
| | | donna.farag@wilmerhale.com |
| 16 | | Leah M. Fugere* |
| 17 | | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 18 | | 350 South Grand Avenue |
| | | Suite 2400 |
| 19 | | Los Angeles, CA 90071 |
| 20 | | Tel: (213) 443-5300 |
| | | Fax: (213) 443-5400 |
| 21 | | leah.fugere@wilmerhale.com |
| 22 | | Robert Kingsley Smith* |
| 23 | | WILMER CUTLER PICKERING HALE AND DORR LLP |
| | | 60 State Street |
| 24 | | Boston, MA 02109 |
| 25 | | Tel: (617) 526-6000 |
| | | Fax: (617) 526-5000 |
| 26 | | robert.smith@wilmerhale.com |
| 27 | | |

RESPONSE TO MOTION TO CONSOLIDATE AND EXPEDITE
No. 2:25-cv-01537-DGE
No. 3:25-cv-05461-DGE

- 5 -

CROWLEY LAW OFFICES, P.S.
600 University Street, Suite 1708 • Seattle, WA 98101
(206) 209-0456
www.crowleylawoffices.com

Mark L. Rienzi*
Eric C. Rassbach*
William J. Haun*
Laura Wolk Slavis*
BECKET FUND FOR RELIGIOUS LIBERTY
1919 Pennsylvania Ave NW, Suite 400
Washington, D.C. 20006
Tel: (202) 955-0095
mrienzi@becketfund.org
erassbach@becketfund.org
whaun@becketfund.org
lslavis@becketfund.org

Hiram S. Sasser, III*
Jeremy Dys*
Chris Motz*
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444
Fax: (972) 941-4457
hsasser@firstliberty.org
jdys@firstliberty.org
cmotz@firstliberty.org

*Attorneys for Etienne Plaintiffs*

\*   Designates counsel admitted *pro hac vice* in *Etienne v. Ferguson*, No. 3:25-cv-05461-DGE

RESPONSE TO MOTION TO CONSOLIDATE AND EXPEDITE
No. 2:25-cv-01537-DGE
No. 3:25-cv-05461-DGE

- 6 -

CROWLEY LAW OFFICES, P.S.
600 University Street, Suite 1708 • Seattle, WA 98101
(206) 209-0456
www.crowleylawoffices.com

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on August 18, 2025, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

Dated: August 18, 2025

*/s/ Siddharth Velamoor*
Siddharth Velamoor

RESPONSE TO MOTION TO CONSOLIDATE AND EXPEDITE
No. 2:25-cv-01537-DGE
No. 3:25-cv-05461-DGE

- 7 -

CROWLEY LAW OFFICES, P.S.
600 University Street, Suite 1708 • Seattle, WA 98101
(206) 209-0456
www.crowleylawoffices.com